IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VINCENT G. PROVINES,<br>aka VINCENT G. PROVINCES,[1]<br>　　　Petitioner,<br><br>v.<br><br>WARDEN ERIC WILSON,<br>FMC-Fort Worth,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§　Civil Action No. 4:20-CV-475-O<br>§<br>§<br>§<br>§ |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Vincent G. Provines, aka Vincent G. Provinces, a federal prisoner who is confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

On July 11, 2018, a jury in the United States District Court for the Eastern District of Texas found Petitioner guilty of one count of cyber stalking and, on January 24, 2019, the convicting court assessed his punishment at 33 months' imprisonment. *See* Jury Verdict & J., United States v. Provines, PACER, U.S. Party/Case Index, Criminal Docket for # 4:17-cr-00208-SDJ-KPJ-1, ECF Nos. 66, 117. Petitioner's projected release date with good time credit is currently November 10, 2020. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, http://www.bop.gov (last visited May 20, 2020). By way of this petition, Petitioner complains of the conditions of

---

[1] Petitioner is confined at FMC-Fort Worth under the name of Vincent Garrett Provinces; thus, the clerk of Court is directed to indicate in the caption of the case that he is also known as Vincent G. Provinces.

his confinement at FMC-Fort Worth in light of the COVID-19 pandemic. Specifically, he raises the following question:

> Whether medical staff shortages, overcrowding, inadequate sanitation facilities (i.e., wash basins, showers, toilets, and urinals) and indifferent attitudes create unconstitutional conditions of confinement?

Pet. 5, ECF No. 1.

He seeks the following relief:

> [an] order directing the BOP to immediately place [him] into home confinement to serve the remainder of his term of imprisonment, and [an] order appointing special counsel to identify other inmates at FMC Fort [Worth] in a similar situation, who meet the A.G.'s criteria to be placed in home confinement, or have health conditions (alleviate overcrowding).

*Id.* at 7.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Generally, in this circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

result in his accelerated release. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997).

Petitioner appears to be aware of this circuit law but nevertheless suggests that a § 2241 petition is the appropriate vehicle to bring his claims because § 2241 "is sweeping in its breadth" and "effective [under these urgent circumstances] because courts must act within 3 days." Pet'r's Mem. 10, ECF No. 2.[3] However, this Court is bound by Fifth Circuit precedent. Furthermore, even if the Court had jurisdiction over the petition, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, Y (N.D. Tex. 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. 2010). Absent a court's modification to a sentence under § 3582(c), the discretion to release a prisoner to home confinement lies solely with the Attorney General and the Bureau of Prisons (BOP) by delegation. *See United States v. Sneed,* 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP) (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement"). This Court has no authority to compel the BOP to do so.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED** on this 20th day of May, 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[3]Petitioner's reliance on *Poree v. Collins,* 866 F.3d 235 (5th Cir. 2017), to support his argument that his petition is, or should be, appropriate for habeas relief is not persuasive. Pet'r's Mem. 8-9, ECF No. 2.